SECOND NATIONAL BANK, of Grand Forks, Plaintiff and Respondent, *v.* JAMES K. SWAN, Defendant and Appellant.

### Mortgage—Foreclosure—Right to Crops—Priorities.

1. The holder of a certificate of sale of land upon foreclosure has no interest by virtue of such certificate in the crop raised and harvested on the land during the year of redemption.

2. A contract by the fee-owner, purporting to convey such crop to the certificate holder, either as security or absolutely, cannot prevail against a prior mortgage by the fee-owner of such crop, or against a subsequent mortgage, taken without notice of such contract, and given while the fee-owner was in possession.

(Opinion Filed Nov. 7, 1891.)

*A*PPEAL from district court, Grand Forks county; Hon. CHARLES F. TEMPLETON, Judge.

*Bosard & Van Wormer,* for appellant. *Burke Corbet,* for respondent.

Action by the Second National Bank against James K. Swan for the value of certain wheat. Judgment for plaintiff. Defendant appeals. Affirmed.

Bosard & Van Wormer, for appellant:

An owner of an equity of redemption has the right to assign, sell or transfer the same. Jones on Mortgages, § 6; Freeman on Executions, § 190; Yovle v. Richardson, 23 Am. Dec. 722; Batty v. Snook, 5 Mich. 231; Armstrong v. Sanford, 7 Minn. 34; Goodenow v. Ewer, 16 Cal. 461; McMillan v. Richards, 99 Am. Dec. 655. The contract between Barnes and Brennan is one of sale and purchase of land, and Brennan would not be allowed to deny the right of Barnes to the possession of the land. Jackson v. Miller, 21 Am. Dec. 316; Lacy v. Johnson, 17 N. W. Rep. 246; Wellington v. Gale, 7 Mass. 138; Portu v. Millett, 9 Mass. 101; Seabury v. Stewart, 58 Am. Dec. 254; Holmes v. Schofield, 29 Am. Dec. 546. Brennan having failed to make the payment he agreed to make, the title to the crop never passed. Dunlap v. Gleason, 16 Mich. 158; Marquette Co. v. Jeffery, 49 Mich. 283; Budlong v. Cottrel, 20 N. W. Rep. 166. The same principle is

applicable to this contract as would apply did the relationship of landlord and tenant exist. Lloyd v. Power, 22 N. W. Rep. 492; Smith v. Meech, 26 Vt. 233; Farnum v. Hefner, 16 Pac. Rep. 324; Wentworth v. Miller, 53 Cal. 9.

Burke Corbet, for respondent:

Nowhere in the agreement does it appear, nor was it found to be the case by the court that Barnes extinguished the debt due to him from Brennan; that debt remains unpaid to-day and can be enforced. If a conveyance merely secures a debt, it is a mortgage. If it extinguishes the debt it is a sale, notwithstanding the reservation of the right to redeem. Parish v. Gates, 29 Ala. 254; Smith v. Betty, 31 N. Y. 542; Hauser v. Camp, 3 Pa. St. 208; Todd v. Campbell, 32 Pa. St. 250; Blodgett v. Blodgett, 52 Vt. 32; Wilmerding v. Mitchell, 13 Vroom 476; Robinson v. Willaby, 65 N. C. 520; Ruffimer v. Womack, 30 Tex. 332; Reeves v. Sebern, 16 Iowa 232; Cooper v. Brock, 41 Mich. 488; Musgat v. Pumpelly, 46 Wis. 660; Slowey v. McMurray, 37 Mo. 113; Moore v. Murdoch, 26 Cal. 514.

The opinion of the court was delivered by

BARTHOLOMEW, J.   This action was brought to recover the value of certain wheat grown in the year 1889 upon certain described land in Grand Forks county.   The case was tried to the court, and the findings established the following facts: One John Brennan had been the owner of the land, and had executed a mortgage thereon, which, on October 6, 1888, was foreclosed, and the land sold, and the time for redemption would expire October 6, 1889.   In December, 1888, Brennan executed to plaintiff a chattel mortgage upon all the crops to be grown upon said land in the year 1889, and in March, 1889, he executed to plaintiff a second chattel mortgage upon the same security. Both mortgages were properly filed.   On January 2, 1889, said Brennan entered into a written contract with one Edward A. Barnes, as follows:   "This agreement, made and entered into the 2d day of January, 1889, between Edward A. Barnes, of Detroit, Mich., party of the first part, and John Brennan, of Turtle River, Dakota, party of the second part, witnesseth, that

whereas, the lands hereinafter described have been foreclosed at mortgage foreclosure as the property of the said John Brennan; and whereas, said John Brennan is indebted to the said Edward A. Barnes, now this agreement witnesseth, that the said Edward A. Barnes, in consideration of the agreements and covenants on the part of the said John Brennan hereinafter contained to be performed, agrees to purchase the said mortgage upon which the land has been foreclosed, and to purchase the sheriff's certificate of sale thereto, and to 'hold the same until the period of redemption shall have expired, and then to take a deed from the sheriff in his own name for said property, unless the said property shall be duly redeemed in the meantime; and, if the said property shall not be redeemed, and said Edward A. Barnes shall receive a sheriff's deed for the said property, then the said Edward A. Barnes agrees to sell and convey unto the said John Brennan, and said John Brennan agrees to buy, all those certain lots and parcels of land situated in the county of Grand Forks, territory of Dakota, and described as follows to-wit: 'The west $\frac{1}{2}$ of the southwest $\frac{1}{4}$, and the south $\frac{1}{2}$ of the northwest $\frac{1}{4}$, of section 22, township 154, range 51, containing 160 acres, according to the return of the surveyor general '—for the sum of $1,995.71 lawful money of the United States; and the said John Brennan, in consideration of the premises, agrees to pay to the said Edward A. Barnes the said sum of $1,995.71 in lawful money of the United States as follows, to-wit: $195.71 on or before the 1st day of November, 1890, and $300 on or before the 1st day of November in each of the years 1891, 1892, 1893, 1894, 1895, and 1896, with interest at the rate of 12 per cent. on the whole sum unpaid, payable on the 1st day of November in the year 1889, and on the first day of November in each year thereafter, until the whole amount of debt and interest shall have been fully paid; and the said John Brennan agrees to pay all taxes or assessments of whatsoever nature which are or may become due on the premises above described. In the event of a failure to comply with the terms thereof by the said John Brennan, said Edward A. Barnes shall be released from all obligations in law or equity to convey said property, and the said party of the second part shall forfeit all right thereto; and

the said Edward A. Barnes, on receiving such payments at the time and in the manner above-mentioned, agrees to execute and deliver to the said John Brennan, or his assigns, a good and sufficient deed for the conveying and assuring to the said party of the second part the title to the above described premises, which the said Edward A. Barnes shall acquire as aforesaid free and clear of all incumbrances thereon caused or suffered by the said Edward A. Barnes; and it is understood that the stipulations aforesaid are to apply to and bind the heirs, executors, administrators, and assigns of the respective parties, and that said John Brennan is to have immediate possession of said premises as the agent and servant of said party of the first part; and the title to all crops grown upon said land in each year shall remain in the said Edward A. Barnes until the payment herein provided to be made in that year shall have been paid." This contract was never recorded, and plaintiff had no knowledge, actual or constructive, thereof. Barnes took up the sheriff's certificate of sale, but took no deed thereon. During the season of 1889, Brennan, entirely at his own costs and charges, raised a crop on said land. Subsequently the defendant, acting for Barnes, seized the crop under the terms of the contract, and sold it against plaintiff's protest and claim, under its mortgages. The judgment below was for plaintiff. The case hinges entirely upon the construction of the written contract hereinbefore set out. The trial court held that, in so far as the crops raised on said land in 1889 were concerned, said contract was, in effect, a mortgage only, and, as it was junior to plaintiff's first mortgage, it must be subordinate thereto; and that, as said agreement was not executed or filed as a chattel mortgage, and plaintiff took its second mortgage without knowledge, actual or constructive, of the existence of the contract, the lien of the second mortgage was superior to the lien under the contract. This holding is as favorable to appellant as contract will admit, and must be sustained, and in sustaining it we need not pass upon, and do not pass upon the ultimate effect of the contract upon title to the land. But when the contract was executed the fee to the land was in Brennan, with an absolute right of possession and right to redeem, extending to the following

October, prior to which time the crop of 1889 would be secured. Brennan's interest could only be divested by a conveyance in writing. The contract does not purport to convey this interest. It contemplates no title in Barnes except such as he obtains through the foreclosure proceedings. Brennan's right to redeem was not impaired by the contract, and title under the foreclosure could not attach in time to affect the succeeding crop. It is true, the contract recites that Brennan is to have immediate possession of the land as agent of Barnes, and the title to the crops " shall remain " in Barnes; but that refers to his title to the crops by virtue of his title to the land. Even if it amounted to a sale of the crop of 1889, it could not prevail as against this plaintiff, because the vendor was left in possession, and the contract was never recorded. The judgment of the district court is affirmed. All concur.