# GEO. B. CLIFFORD & COMPANY, a Corporation, Respondent, v. JESSE HENRY, Appellant.

## (169 N. W. 508.)

**Purchase price mortgage — legally foreclosed — rents and profits — use and occupation — action to recover — sale of premises — sheriff's certificate — purchaser — holder of certificate — same right to rents and profits — as though foreclosed by action.**

In an action brought by the holder of a sheriff's certificate of sale to recover rents, or the value of the use and occupation, under § 7762 of the Compiled Laws of 1913, where a purchase-price mortgage had been legally foreclosed, it is *held:*

1. Following Clement v. Shipley, 2 N. D. 430, § 7762 of the Compiled Laws of 1913 gives to a purchaser at foreclosure sale, under a foreclosure by advertisement, the same right to rents or the value of the use and occupation as though the foreclosure had been conducted by action.

**Purchaser — entitled to rents and profits — from tenant in possession — holder of certificate — has same rights against mortgagor in possession.**

2. Section 7762 of the Compiled Laws of 1913, which provides that the purchaser, from the time of sale until redemption, is entitled to receive from "the tenant in possession the rents and profits from property sold, or the value of the use and occupation thereof," is construed and *held* to give to the certificate holder the right referred to, whether the premises are in the possession of the mortgagor or of a tenant of the mortgagor.

**Mortgagor may remain in possession for one year — rights of — statute — does not fix terms of occupancy.**

3. Section 6740 of the Compiled Laws of 1913, which gives to the mortgagor the right to remain in possession during the year for redemption, does not fix the terms or conditions of occupancy.

**Rents and profits — action to recover — from mortgagor in possession — answer — equitable defenses interposed by — such issues heard first by court — abandonment of.**

4. Where, in an action to recover rents and profits, the defendant interposes an answer which constitutes an equitable attack upon the foreclosure proceedings, and where the plaintiff moves for a trial of the equitable issues before the court, the trial judge reserving his ruling and indicating that the admissibility of testimony in support of the equitable allegations would be determined as presented, no testimony being offered in support of the allegations, the equitable defense to the foreclosure must be considered as abandoned.

Use and occupation — value of — right to — accruing to certificate holder — owner's rights — share of crops — rental value of land for entire season — proof of — in such cases — circumstances under which same becomes proper.

5. Where the right to the value of the use and occupation is shown to have arisen in April, and where the testimony shows that the value to the owner of the farm property is that which he derives from a share of the crop and that it is generally considered advantageous to him to have the buildings occupied during the portion of the year when the crops are not growing, it is not error to receive testimony going to establish the rental value of the land for the entire season.

Reference under statute — party — examination of — purpose — costs taxable.

6. Where there is a reference, under § 7864 of the Compiled Laws of 1913, for the purpose of examining a party to the suit, costs may properly be taxed under § 7793 of the Compiled Laws of 1913.

Opinion filed November 2, 1918.

Appeal from the District Court of Nelson County, *C. M. Cooley*, J. Affirmed.

*Frich & Kelly*, for appellant.

The foreclosure by advertisement of a real estate mortgage containing the power of sale carries to the purchaser all the rights and benefits accorded to a purchaser under foreclosure by action and sale of the land under execution. Code § 7762; Code, art. 1, chap. 30.

Unlike our Code and practice, in California mortgages are foreclosed by action, and the sale is made under execution issued upon the decree. The law and rules of procedure there in this respect are not applicable here. Cal. Code Civ. Proc. §§ 675a, 684, 726, et seq.; Kerr's Codes (Cal.) pt. 1, p. 1154; Koch v. Briggs, 14 Cal. 256; Comp. Laws 1913, § 7330; 1 C. J. 927; Stevens v. Osgood, 18 S. D. 247, 100 N. W. 161; Golcher v. Brisbin, 20 Minn. 453; McCann v. Bank, 3 N. D. 172.

The statute relating to executions generally has no application to sales made under mortgage foreclosure. Rudolph v. Herman, 4 S. D. 283, 56 N. W. 901; Mayo v. Woods, 31 Cal. 268.

The foreclosure here is void. When a mortgage is given securing the payment of instalments, it is a separate and distinct mortgage for each instalment, and in case of foreclosure, it should only be had as

to the instalments past due, and not upon a declaration that the whole secured debt is due. Briggs v. Briggs, 135 Mass. 306; Clark v. Simmons, 150 Mass. 357; Hedlin v. Lee, 21 N. D. 495; Wade v. Major, 36 N. D. 331; Bank v. Lansing, 2 Wend. 261; Stacy v. Smith (S. D.) 68 N. W. 198; Bailey v. Hendrickson, 25 N. D. 500.

The phrase, "tenant in possession," as found in our Code, includes within its meaning only persons who have leased the mortgaged lands from the mortgagor or owner; and an action like this is maintainable by the mortgagee, if at all, against such tenant, and not against the mortgagor or owner. 3 Kent, Com.; Tiedeman, Real Prop. § 25.

In this state, ownership of real estate carries with it the absolute dominion of the thing owned, subject only to the burdens of taxation and the right of eminent domain. Civ. Code, chaps. 38, 45, 47.

A tenant is "one who holds real property by some form of title from a landlord." 26 Ency. Brit. title "Tenant;" Webster's Dict. p. 1136; Black's Law Dict. p. 1141.

Our statute makes no exception to this rule or definition, and many cases uphold it. Lightbody v. Truelson (Minn.) 10 N. W. 67; 3 Jones, Mortg. 7th ed. §§ 1659, 1661; Comp. Laws 1913, § 7762; Reynolds v. Lathrop, 7 Cal. 43; McDevitt v. Sullivan, 8 Cal. 592; Kline v. Chase, 17 Cal. 596; Webster v. Cook, 38 Cal. 423; Walker v. McCusker, 65 Cal. 360, 4 Pac. 206; Pendola v. Alexanderson, 67 Cal. 337, 7 Pac. 756; Clark v. Cobb, 121 Cal. 595, 54 Pac. 74; Harris v. Foster, 97 Cal. 292, 32 Pac. 246; Knight v. Truett, 18 Cal. 113; Harris v. Reynolds, 13 Cal. 514; Shores v. Scott River Co. 21 Cal. 135; Hill v. Taylor, 22 Cal. 191; Walls v. Walker, 37 Cal. 424; Walker v. McCusker, 71 Cal. 594, 12 Pac. 725; 36 Cyc. 1123, and cases cited; Bank v. Swan, 2 N. D. 225; Clement v. Shipley, 2 N. D. 430; Whithed v. Elev. Co. 9 N. D. 224; Little v. Worner, 11 N. D. 382; Folsom v. Norton, 19 N. D. 722; Patrick v. Knapp, 27 N. D. 104; Rudolph v. Herman, supra.

The mortgagor in possession of the premises after foreclosure sale is entitled to the crops produced thereon, as against the purchaser. Mau v. Kearney, 143 Cal. 506, 77 Pac. 411; Aldrich v. Bank (Neb.) 57 L.R.A. 920; Aultman v. O'Dowd (Minn.) 75 N. W. 756; 3 Jones, Mortg. 7th ed. §§ 1659, 1651 and cases cited; 27 Cyc. 1729 and cases cited.

"He (the purchaser) did not become the owner by purchasing at the sale. His title was not at all changed by that fact, except that the amount of his debt was fixed, and his right to a deed, or a sum paid to redeem within six months, absolute." Pacific Mut. Ins. Co. v. Beck (Cal.) 35 Pac. 169; Hokanson v. Gunderson (Minn.) 56 N. W. 172; Farr v. Semmler (S. D.) 123 N. W. 835; 3 Jones, Mortg. § 1661; Sutherland v. Long, 273 Ill. 309, 112 N. E. 660.

The common-law action for use and occupation is founded on contract, express or implied, and, to sustain the action, it must appear that the relation of landlord and tenant existed between the parties. 47 Cent. Dig. col. 2051; 19 Dec. Dig. p. 2008, § 1 and cases cited.

In general, rent does not accrue as a debt until the tenant has enjoyed the use of the land for the period for which it is payable. Consequently, in the absence of some agreement or understanding between the parties to the contrary, rent is not due until the expiration of the term; and this is true whether the rent is reserved in gross or on later payments. 24 Cyc. 1170, 1198; Duryee v. Turner, 20 Mo. App. 34; Boyd v. McCombs, 4 Pa. 146; Dixon v. Niccolls, 39 Ill. 372, 89 Am. Dec. 312; McFarlane v. Williams, 107 Ill. 33; Ridgley v. Stilwell, 27 Mo. 128; Nicholes v. Swift, 118 Ga. 922, 45 S. E. 708; Watson v. Penn, 108 Ind. 21, 8 N. E. 636; Cowan v. Henika, 19 Ind. App. 40, 48 N. E. 809.

This is true in all cases where the value of the use and occupation is sought to be recovered. Shores v. Scott River Co. 21 Cal. 135; West v. Conant (Cal.) 34 Pac. 705; Walker v. McCusker, supra; 1 C. J. 1145, 1146, and cases cited.

Where defendant's entry or possession is rightful and lawful and the actual income can be shown, this will determine the extent of liability. 39 Cyc. 870, 871 and cases cited; Sanford v. Johnson (Minn.) 4 N. W. 245; Clark v. Cobb (Cal.) 54 Pac. 74; Bigham v. Alexander (Okla.) 153 Pac. 644.

The respondent established the actual income and showed that no profits had accrued. This fixed his liability. Walker v. McCusker, 71 Cal. 594; Jones v. Byington, 155 Pac. 1118.

*Murphy & Toner,* for respondent.

Our statute here under consideration was adopted from California, and with it was also adopted the construction placed upon it there,

and it has been followed so long that its doctrine has become a rule of property in this state.

The purchaser at foreclosure sale by advertisement is entitled to the full benefits accruing under the law. Comp. Laws 1913, § 7762; Clement v. Shipley, 2 N. D. 430; Whithed v. Elevator Co. 9 N. D. 224; Little v. Warner, 11 N. D. 382; Martin v. Royer, 19 N. D. 504; Hodgson v. Finance Co. 19 N. D. 139; Folsom v. Norton, 19 N. D. 723; Bailey v. Hendrickson, 25 N. D. 511; Patrick v. Knapp, 27 N. D. 103; Reynolds v. Lathrop, 7 Cal. 43; McDevitt v. Sullivan, 8 Cal. 592; Harris v. Reynolds, 13 Cal. 514; Hill v. Taylor, 22 Cal. 191; Page v. Rogers, 31 Cal. 293; Walker v. McCusker, 71 Cal. 594; Kline v. Chase, 17 Cal. 596; Knight v. Truett, 18 Cal. 113; Walls v. Walker, 37 Cal. 424; Webster v. Cook, 38 Cal. 423.

A provision in a mortgage giving the right to declare due, upon any default in the mortgage, is not a penalty or a forfeiture, but is a valid and enforceable one, and that a court of equity will not relieve against the foreclosure of a mortgage under those conditions in the ordinary way. 37 Cyc. 1101; 27 Cyc. 1522, and cases cited; Lewis v. Lewis, 58 Kan. 563, 50 Pac. 454; McCormack Mfg. Co. v. Evans, 84 Va. 717; Iowa Co. v. Yeager, 54 N. Y. Supp. 99.

A sufficient declaration of the intention to declare all sums due under the mortgage is a foreclosure. In this case the specific statement was inserted in the notice to that effect. 27 Cyc. 1524, and cases cited.

This is a suit to recover money,—not property. The object of the suit is to recover the value in money of the use of the land during the year of redemption. Whether the mortgagor actually formed the land himself, or just what amount of crop he raised thereon, is wholly immaterial. If he prevented the purchaser from using the land during such period of time, he is liable for the value of such use. Reynolds v. Lathrop, 7 Cal. 43; McDevitt v. Sullivan, 8 Cal. 592; Harris v. Reynolds, 13 Cal. 515; Kline v. Chase, 17 Cal. 596; Knight v. Truett, 18 Cal. 113; Hill v. Taylor, 22 Cal. 191; Wall v. Walker, 37 Cal. 427; Walker v. McCusker, 12 Pac. 725; Webster v. Cook, 38 Cal. 423; Harris v. Foster, 32 Pac. 246; Patrick & Co. v. Knapp, supra; Comp. Laws 1913, § 7751; Clement v. Shipley, and Whithed v. Elev. Co. supra; Page v. Rogers, 31 Cal. 294.

This right in the purchaser to receive the rents and profits, or the value of the use and occupation of the property sold, is not limited to cases where there has been a redemption. The right begins at the time of the purchase and continues until redemption is made, or, if there is no redemption, then until the time allowed therefor has expired. Reynolds v. Lathrop, 7 Cal. 43; McDevitt v. Sullivan, 8 Cal. 592; Harris v. Reynolds, 13 Cal. 514; Hill v. Taylor, 22 Cal. 191; Webster v. Cook, 38 Cal. 423; Page v. Rogers, 31 Cal. 293.

The action for use and occupation is founded on privity of contract. But it will lie upon an implied as well as upon an express contract. Osgood v. Dewey, 13 Johns. 240; Stockett v. Watkins, 2 Gill & J. 326; Code Civ. Proc. § 369; Duss v. Randall, 48 Pac. 66; Yndart v. Den, 57 Pac. 761; Code Civ. Proc. § 707; Walker v. McCusker, 71 Cal. 594; Bennett v. Wilson, 55 Pac. 390; Hardy v. Herriott, 39 Pac. 958; Judge Engerud, No. 712, N. D. Banker, for Feb. 1916.

The rule of *stare decisis* applies here with all its force, for the doctrine for which we contend has become a fixed rule of property in this state. 13 Cent. Dig. title, "Courts," § 318; Seale v. Mitchell, 5 Cal. 401; Stout v. Grant Co. 107 Ind. 343, 8 N. E. 222; New Orleans v. Herman, 31 La. Ann. 529; Davis v. Holberg, 59 Miss. 362; Sedalia v. Gold, 91 Mo. App. 32; Wood v. New York, 73 N. Y. 556.

Crops growing on the land at the time of sale pass to the purchaser. Not so, if the crops are harvested. 27 Cyc. 1729; Duff v. Randall, 48 Pac. 66; Bennett v. Wilson, 55 Pac. 390; Lawton v. Loan Co. 57 N. W. 1062.

Tenancy under the law may be implied as well as the contract; and where the mortgagor remains in possession after a sale, he having merely the legal title, if the mortgage conveys the hereditaments, these pass by the sale to the purchaser, and both a contract and tenancy will be implied, to sustain a recovery. Dunton v. Sharpe (Miss.) 11 So. 168; 27 Cyc. 1729, and cases cited.

This is an action under and by virtue of the statute, and therefore appellant's contention that no action is maintainable until the time for performance of a contract has expired, has no application. Comp. Laws 1913, § 7477; Iselin v. Simon (Minn.) 64 N. W. 143; State v. Mickelson, 24 N. D. 175.

40 N. D.—39.

In any event the action was maintainable when brought. A demand was made on appellant before suit, and he took issue with respondent on his claim of right in any part of the crops, and asserted that respondent had no rights at all. Thereupon a cause of action at once arose under the rule that where a promisor expressly renounces his contract, the promisee may treat this as a breach and bring action at once. James v. Adams, 16 W. Va. 245; Howard v. Daly, 61 N. Y. 362; Lamoreaux v. Rolfe, 36 N. H. 33; Dugan v. Anderson, 36 Md. 567; Kennedy v. Rodgers, 44 Pac. 47; Holloway v. Griffith, 32 Iowa, 409; Crabtree v. Messersmith, 19 Iowa, 179.

Where it is claimed that causes of action have been split the objection is waived if not made in the lower court and at the proper time. 23 Cyc. 436 and cases cited.

As to value of the use in this case, the evidence related to the value of the use when land is farmed personally, and also on the rental value. This ought to be the proper method, since in this state farm lands are either personally worked and operated or rented out. Cornell v. Dean, 105 Mass. 435; Hellams v. Patton, 44 S. C. 454, 22 S. E. 608; Ry. Co. v. Griffith (Ark.) 39 S. W. 550; Richardson v. Penny (Okla.) 61 Pac. 584; Holmes v. Stockton, 26 N. J. L. 93; Walker v. Houghteling, 107 Fed. 619; McLennon v. Lemen, 59 N. W. 628; Isaac v. McLean, 64 N. W. 2.

In such cases evidence covering the entire season or term based upon the crop was competent. The fact that some plowing and sowing was done before the foreclosure sale is immaterial. The value of the use is the crop, and the time to determine the value of the use for the year of redemption is when the crops are severed and secured,—when they cease to be real estate, and become personalty. 1 Wiltsie, Mortgage Foreclosures, § 587, p. 706; Mont. Eastern R. Co. v. Lebeck, 32 N. D. 162.

Appellant went on to this land and farmed it with a full knowledge that, if he did not timely redeem, he would get nothing for its use and occupation.

He became and was a voluntary trustee during the year of redemption and was subject to the duties of such trustees. Comp. Laws 1913, § 6290; Berry v. Evendon, 14 N. D. 1; Cotton v. Butterfield, 14 N. D. 465.

BIRDZELL, J. This is an appeal from a judgment entered in the district court of Nelson county in an action brought to recover the value of the use and occupation of certain lands. The plaintiff had judgment for $960 damages and for costs. The case arose upon the following facts:

On August 6, 1912, the defendant and appellant purchased from T. C. and W. W. Smith, of Springfield, Illinois, the east half of section 20 and the west half of section 21, township 153 N., range 59 W., of the P. M., Nelson county. The agreed price was $22,400, $5,000 of which was paid in cash and the remainder was to be paid in instalments of $1,000 a year, commencing December 1, 1913, and terminating December 1, 1929. Notes drawing 6 per cent interest were given for the deferred payments, and were secured by a first mortgage on the land. On November 25, 1916, Smith Brothers, the vendors, assigned the notes and mortgages to the plaintiff and respondent, George B. Clifford & Company, and on March 7, 1917, foreclosure proceedings were started in an attempt to realize the sum of $18,855.80, this representing the principal and interest due to the date of sale. On April 23, 1917, the land was sold at a sheriff's sale for $19,297.28 and a certificate of sale issued to George B. Clifford & Company. In 1917 the defendant and appellant planted a crop upon the land embraced in the foreclosure proceedings, consisting of 380 acres of wheat, 100 acres of barley, 80 acres of oats, and 10 acres of flax. While the crop was being threshed, the plaintiff and respondent made a demand for it, which demand was refused. This action was then brought, and, to support the recovery, reliance is had upon § 7762 of the Compiled Laws of 1913. In fact, the action is based on the statute. The section referred to provides that the "purchaser from the time of the sale until a redemption . . . is entitled to receive from the tenant in possession the rents of the property sold, or the value of the use and occupation thereof."

The principal questions raised upon this appeal arise upon the interpretation of that portion of the statute quoted above. Two main propositions are advanced by the appellant. It is contended: First, that the statute does not apply in favor of a purchaser at a sheriff's sale held in pursuance of a foreclosure by advertisement; and, second, that if the statute is held applicable to such a purchaser, a recovery there-

under cannot be had against a mortgagor who remains in possession during the period of redemption.

It is conceded by the appellant that the exact proposition first contended for was decided contrary to his contention in the early history of this court in the case of Clement v. Shipley, 2 N. D. 430, 51 N. W. 414. But it is urged that this decision should be overruled, and that the rule adopted in Rudolph v. Herman, 4 S. D. 283, 56 N. W. 901, should be accepted as a correct interpretation of the statute in question.

The case of Clement v. Shipley, supra, was well considered, and the interpretation adopted therein has both reason and authority to commend it. Furthermore, the rule therein laid down has so long been settled in this state, with the apparent sanction of the legislature, that we are in no wise disposed to disturb it at this date. If the judicial interpretation of the statute made thus early in the history of the court did not conform to the true intention of the legislature, it would seem that the statute would have been amended.

The next contention is predicated upon the wording of the statute. It is argued that where the mortgagor remains in possession after the sale, he is entitled to all the benefits accruing from such possession; that, in fact, these benefits are secured to him by § 6740 of the Compiled Laws of 1913; also that in no event can he be considered as the "tenant in possession" within the statute quoted. It is conceded that the purchaser or a redemptioner would be entitled to receive the rents or the value of the use and occupation accruing during the period of redemption, if the premises, during such time, were in the possession of a tenant of the mortgagor; and the correctness of the previous decisions of this court to that effect is admitted. But it is claimed that the statute does not warrant an action in favor of a purchaser or redemptioner against the mortgagor in possession.

The effect of the sale is merely to continue the lien of the mortgage and to cut off the equity of redemption at the expiration of the statutory period allowed for redemption. See State ex rel. Forest Lake State Bank v. Herman, 36 N. D. 177, 161 N. W. 1017. Also Jones, Mortg. § 1661. As the holder of a lien evidenced both by the mortgage and by the sheriff's certificate of sale, the purchaser or redemptioner is not entitled to rents and profits save as such right is given by statute. Jones, Mortg. § 1659. Since such a right is clearly given in this state

under § 7762 of the Compiled Laws of 1913, where the premises are in possession of someone other than the mortgagor, there is no apparent reason why any distinction should be made based upon the circumstance as to whether or not the premises are leased. Neither is there any satisfactory evidence that such a distinction was in the mind of the legislature. Had it been intended to give to the purchaser the benefit of the rents and profits or the value of the use and occupation only in case the premises were leased, it would seem that the legislature would have clearly manifested its intention to that effect. To use the language of the supreme court of California, in the case of Harris v. Reynolds, 13 Cal. 514, 515, 73 Am. Dec. 601, in interpreting a statute identical with ours: "It is not very easy to see the reason for such a distinction as that contended for. It would give but little help to the purchaser, since the debtor, on the eve of judgment, might change a possession by tenancy . . . so as to make of little or no value the purchaser's right; and why should a debtor be any more inhibited from getting profit from rent than getting profit from use?"

The appellant's counsel severely criticizes the above expression of the supreme court of California, and particularly the last clause thereof, but the expression seems to us logically correct. We are not concerned with the reasons why a debtor should be "inhibited from getting profit" either from rent or from use. That is not a judicial question, but a legislative one. But it would seem that if the legislature determines that a purchaser or a redemptioner is entitled, during the year of redemption, to the rents and profits or to the value of the use and occupation which ordinarily accrues to the owner, it would not be concerned in making a distinction based upon the consideration as to whether or not the premises are in the actual physical possession of the mortgagor or of his tenant. The only basis for a contention that such a distinction was intended is in the statutory designation of the one from whom the purchaser is entitled to receive the rents, etc., the language of the statute being "from the tenant in possession." It seems to us that it would require a strained and highly technical construction of the statute to find therein evidence that the legislature intended to make the distinction contended for. This statute, like all others which are designed to confer rights, should be so construed as to make the rights effective, and distinctions based upon artificial considerations

should be avoided. The term "tenant" here was clearly used in its generic sense, and in this sense it embraces any or all persons who stand in such a relation to the premises as to render them subject to the right conferred. See Harris v. Reynolds, supra; Knight v. Truett, 18 Cal. 113. The clear meaning of the statute is that the purchaser or redemptioner is entitled to the rents and profits or the value of the use and occupation of the premises during the year for redemption, and that the amount received from this source is to be credited to the debtor in case of a redemption. As to the policy of a statute that makes the right of the purchaser or a redemptioner to retain the rents, etc., to depend upon the contingency of a redemption, it is not, as above indicated, a judicial question.

It is true that, under § 6740 of the Compiled Laws of 1913, the mortgagor is entitled to continue in the possession of the premises during the year for redemption, and that he has the right to control the possession during that period, but that section does not fix the terms of occupancy. Nor is there any provision of law whereby a mortgagor could be ousted of his possession at the suit of a certificate holder during the period of redemption.

The foregoing opinion covers all of the assignments of error which go to the merits of the appeal, but there are some minor questions argued by the appellant which require brief mention. At the beginning of the trial, plaintiff's counsel moved to strike out all allegations in the answer relating to the foreclosure proceedings on the ground that the facts alleged were not sufficient to constitute a defense, and that, if matters of defense were alleged, they were such matters as were cognizable only in equity. In presenting the motion, counsel insisted that if the answer was regarded as alleging an equitable attack upon the foreclosure proceeding, the issues presented should be tried to the court. The trial court reserved a ruling, but indicated that the admissibility of testimony in support of the allegations would be determined as the same was presented. No evidence was offered in support of the allegations in the answer, so it must be assumed that the attack upon the foreclosure proceedings was abandoned. Futhermore, the answer admits that the defendant was in default, and no circumstances warranting equitable relief from the fore-

closure are alleged, so it must be assumed that the foreclosure was in all ways legal.

It is also urged that, as the plaintiff's action must be considered as one for the value of the use and occupation, it cannot be maintained without alleging and proving that the relation of landlord and tenant existed between the plaintiff and defendant, and that error was committed in allowing testimony to go before the jury going to establish the reasonable rental value of the land for the entire farming season. In reply to this contention, it need only be said that the statute, § 7762 of the Compiled Laws of 1913, is the source of the plaintiff's right, and it need only allege and prove such facts as bring it within the statute. This was done.

The testimony of the various witnesses went further than to establish the reasonable rental value for the entire farming season. It was to the effect that the value that the owner got out of the land is in the crop, and that he would ordinarily prefer to have the land and buildings occupied for the remainder of the season than to have them vacant. In this view of the testimony, considering that the right to the value of the use and occupation arose in April and that the action was begun after the crop had matured, the testimony objected to went to establish the proper measure of damages.

Objection is made to two items allowed by the court in the retaxation of costs. These items embrace the fees and expenses of a referee and the mileage allowed the witnesses. It appears that the reference was for the purpose of examining one of the parties before the trial and was made under the provisions of § 7864 of the Compiled Laws of 1913, and that the costs which are objected to were taxed under the provisions of § 7793 of the Compiled Laws of 1913. It is clear that the latter section authorizes the taxation of the costs that were taxed in this action, and that the provisions of § 7646 of the Compiled Laws of 1913, relied upon by the appellant, apply only to cases referred to a referee, either by consent of the parties or by the court when the issues are triable by the court.

Finding no error in the record, the judgment is affirmed.

GRACE, J. I dissent.

ROBINSON, J. (dissenting).   In August, 1913, Jesse Henry purchased a section of land in 153–58, paying in cash $5,000, and giving a mortgage to secure the balance, $17,400, in sixteen annual payments of $1,000 each and one payment for $1,400, with interest at 6 per cent, according to seventeen promissory notes.   The mortgage was transferred to the plaintiff November 25, 1916, and on March 7, 1917, the plaintiff published a notice of foreclosure by advertisement, claiming that default had been made in the payments, and that the mortgagee elected to declare due the sum secured by the mortgage, amounting to $18,855.80.   On April 23, 1917, the land was bid in by the plaintiff for said sum, with attorneys' fees $412.11, and other costs, making the total sum $19,297.82.   During the year 1917, defendant remained · in possession of the land as the owner of the same, and in September, 1917, this action was commenced to recover from him $5,000 as the value of the use and occupation during the year.   On November 20, 1917, the jury gave a verdict in favor of the plaintiff for $960, on which judgment is duly entered and defendant appeals.

Manifestly the foreclosure is a Shylock or a cut-throat procedure. It should be held void.   It was not made fairly and in good faith.   It was made for the purpose of taking an unconscionable advantage of the defendant, and obtaining title to his land under the forms and technicalities of the law, and not to obtain the purchase money. When defendant paid his good $5,000 on the price of the land, he contracted to pay the balance of $17,400 in equal annual payments, with interest at 6 per cent.   He agreed to pay an extra price for the easy terms and the low rate of interest.   He did not count on such a snap foreclosure for fifteen notes which had not become due and the advance of the rate of interest from 6 per cent to 9 per cent.

The suit to recover from defendant $5,000 for the use of his land during the summer of 1917 is in keeping with a foreclosure proceeding.   A mortgage is a mere lien on property, and does not entitle the mortgagee to possession of the property unless authorized by the express terms of the mortgage.   Comp. Laws 1913, §§ 6738, 6740.

The mortgage in question did not give the mortgagee any right to the possession of the land either before or after foreclosure.   In manner provided by statute, the mortgage may be foreclosed by adver-

tisement and a sale of the mortgaged premises, and at his own foreclosure sale a mortgagee may fairly and in good faith purchase the premises. § 8083. The sale is made subject to a redemption within one year. § 8085. On paying the purchaser the amount of his purchase, with 9 per cent interest. Laws 1915, chap. 223. The sale does not convey title nor devest the title of the mortgagor nor make him the tenant of the mortgagee. The transfer of title is by a deed. §§ 8087, 8106. When a foreclosure is by action the court may appoint a receiver "when it appears that the mortgaged property is in danger of being lost, removed, or materially injured or that the . . . property is probably insufficient to discharge the mortgage debt." § 7588.

The claim asserted for the use and occupation of the land is based on a statute relating to sales of real property on executions. § 7762. It provides: The purchaser from the time of sale until a redemption is entitled to receive *from the tenant in possession* the rents of the property sold or the value of the use and occupation thereof. This he is entitled to receive from the *tenant in possession* and from no other person, and it is from the *tenant in possession after an execution sale.* Now from the statute it is manifest that the word "purchaser" and all of the section relates to execution sales, and it in no way refers to a sale on foreclosure, and it in no way confers the right to receive rents in any case except *from a tenant in possession.* The same statute on execution sales provides: "Upon a sale of real property the purchaser is substituted to and acquires all the right, title, interest and claim of the judgment debtor thereto; and when the estate is . . . a leasehold of two years, . . . the sale is absolute. In all other cases the real property is subject to redemption as provided in this chapter." On Execution Sales, § 7751. Thus in the chapter on execution sales, when the word "purchaser" is used, it relates to a purchaser at an execution sale. In § 7762, the word "purchaser" must have precisely the same meaning as in § 7751, providing that "upon a sale of real property the purchaser is substituted to and acquires . . . the . . . title . . . of the judgment debtor." The two sections of the statute go together and they are in perfect harmony. If a purchaser at a foreclosure sale is entitled to the rents and profits during the year of redemption then, "upon a foreclosure

sale of real property, the purchaser is substituted to and acquires the title of the mortgagor."

Assuredly, it is not so provided in the statute on foreclosures, and, on the contrary, it is provided that a mortgage is a mere lien, and does not entitle the mortgagee to possession. We need not argue to show that the owner of property cannot be deprived of possession of the same unless by force of his own deed or contract, by force of the statute, or by due process of law.

It is true that in early days Justice Corliss wrote an ill-considered decision to the contrary (2 N. D. 431, 51 N. W. 414), and it has been followed in some cases, but there is no reason why this court should not decide the case according to reason and the plain words of the statute. The foreclosure sale did not make the defendant a *tenant in possession of his own land.* It did not transfer any title to the plaintiff, and, as the sale was not made fairly and in good faith, it should be held void. In any event the judgment should be reversed.