L. O. WALL, Respondent, v. FIRST NATIONAL BANK OF CROSBY, a Corporation, Appellant.

(197 N. W. 592.)

**Statement of facts.**

1. In the instant case A. executed two mortgages to B., to secure two separate debts. Later, B. assigned one of the mortgages to C., by an assignment containing a stipulation to the effect that the mortgage so assigned should be deemed a lien prior to the other mortgage held by B. The mortgage assigned contained a stipulation to the effect that the mortgagor agreed to keep the buildings upon the premises insured in such amount as the mortgagee or its assigns would approve. The mortgagor caused the buildings to be insured in accordance with such provision; and the policy of insurance contained a loss payable clause in favor of the mortgagee or its assigns. Later, B. foreclosed the mortgage it still owned by advertisement, and purchased the premises at the foreclosure sale, bidding therefor the full amount due on the mortgage and the costs and expenses of the sale. About twelve days thereafter a barn upon the premises was destroyed by fire. The loss was adjusted at $600. The insurance company sent a draft payable jointly to the mortgagor and the mortgagee.

**Statement of facts.**

2. When B. asked A. to come in and enforce the draft, A. said: "Go ahead and sign it and send it in. Apply it on my loan, it will stop that much interest." At the time this statement was made A. did not know that B. previously

had assigned the mortgage which the policy of insurance accompanied to C. B. applied the $600, received from the insurance company in payment of interest installments upon the mortgage assigned, to C. Later A. brought this action against B. to recover the amount received from the insurance company.

**Insurance — mortgagor held not entitled to recover from second mortgagee proceeds of fire insurance collected and paid to first mortgagee.**

3. For reasons stated in the opinion it is *held*, that A. has no cause of action.

Opinion filed January 31, 1924.   Rehearing denied February 28, 1924.

Fire Insurance, 26 C. J. § 588 p. 438 n. 45.   Mortgages 27 Cyc. pp. 1724 n. 63; 1743 n. 8; 1744 n. 9 New; 1788 n. 56.

From a judgment of the district court of Divide County, *Pugh,* Special Judge, defendant appeals.

Reversed and dismissed.

*Geo. P. Homnes,* for appellant.

*C. E. Brace,* for respondent.

CHRISTIANSON, J.   This is an appeal from a judgment in favor of the plaintiff in an action to recover the proceeds of a certain bill of exchange.   The complaint alleges:

"That defendant is incorporated under and by virtue of the National Banking Laws of the United States; "that on or about the 25th day of July, 1921, said defendant had in its possession a certain bill of exchange belonging to plaintiff, of the value of six hundred ($600) dollars, and that at or about said date said defendant cashed said bill of exchange and received thereon the said sum of six hundred ($600) dollars which said money so received by said defendant belonged to this plaintiff; that defendant has never paid said money to said plaintiff although payment thereof has been demanded."

The plaintiff demands judgment against the defendant for said sum of $600, with interest and costs and disbursements.

The answer admits the corporate existence of the defendant, and denies the other averments in the complaint except as thereafter admitted or explained in the answer.   The answer further "alleges the facts concerning said bill of exchange to be as follows and not otherwise:

"That prior to May 7th, 1921, and on November 7th, 1919, the plain-

tiff was the owner of the southwest quarter, section twenty-one, the east half of the northwest quarter, and the west half of the northeast quarter of section twenty-eight, all in township 161, N. of range 97 W. in Divide county, North Dakota; that on the 7th day of November, 1919, the said plaintiff and his wife, Anna L. Wall, made, executed and delivered to the defendant bank their certain real estate mortgage upon said lands to secure the payment of $6,000, which mortgage was duly recorded in the office of the register of deeds of Divide county, North Dakota; that on the 18th day of May 1920, the said plaintiff and his wife made, executed and delivered to the defendant bank their real estate mortgage upon said lands to secure the payment of $3,000, which mortgage was duly recorded in the office of the register of deeds of said county; that thereafter the defendant duly assigned said last described mortgage to the State Bank of St. Ansger and duly waived priority of the lien of said first described mortgage in favor of the assignee of said last described mortgage; that in said last described mortgage it is provided that said mortgagors agree to keep the buildings upon said premises insured in such amount as the mortgagee or its assigns would approve, and that pursuant to such provision the said mortgagors did cause the said buildings on said premises, to wit, a certain barn building and other buildings then and there upon said premises, to be insured and a policy of insurance was issued thereon by the Twin City Fire Insurance Company of Minneapolis, Minnesota, which said insurance policy covered said buildings for a period including the month of May, 1921, and contained a loss payable clause in favor of the mortgagee in said last described mortgage, or its assigns, and directing payment of the proceeds of said policy, in case of loss, to such mortgagee or its assigns. That on or about the 29th day of March, 1921, the defendant bank commenced proceedings for the foreclosure of its said first above described mortgage and that pursuant to such foreclosure proceedings said lands were duly sold by the sheriff of said county to this defendant on the 7th day of May, 1921, and a sheriff's certificate of sale was duly issued by said sheriff to this defendant. That the defendant was the owner and holder of said sheriff's certificate all during the period of redemption and until the issuance of a deed thereon, and that a sheriff's deed was duly issued by the sheriff of said county to the defendant on or about the 7th day of May, 1922, no redemption of said

premises from said sale having been made, and that the defendant now is and at all times since the issuance of said deed has been the owner of the said above described premises; that on or about the 19th day of May, 1921, a fire occurred on said premises which destroyed a certain barn thereon and hereinbefore mentioned, which barn building was covered by the said policy of insurance, and that in due time thereafter adjustment was made of the loss so resulting by reason of said fire and the said Twin City Fire Insurance Company did on the 28th day of May, 1921, issue its draft or bill of exchange covering such loss and payable to the mortgagee in said last described mortgage, to-wit, this defendant and to the plaintiff jointly; that said bill of exchange was for the sum of $600.00 and was mailed to and received by this defendant and is the same bill of exchange as that mentioned in the plaintiff's complaint; that by reason of the premises and all the facts above stated the plaintiff was not the owner of said bill of exchange nor entitled to the proceeds thereof.

"Defendant further alleges that after the receipt of said bill of exchange by the defendant the plaintiff expressly authorized and directed the defendant to apply the proceeds of said bill of exchange upon his indebtedness to the defendant bank that the indebtedness represented and secured by said last above described mortgage is long past due; that the plaintiff has paid no part of the principal, or interest accrued thereon; that the defendant, as the holder of a subsequent mortgage on said lands and as the owner thereof, to protect its interest therein, has paid the delinquent interest upon said mortgage last above described and has applied the whole of the proceeds of said bill of exchange in payment of said delinquent and accrued interest and to the principal so far as the said proceeds would pay the same.

"Defendant further alleges in answer to said paragraph two, the defendant is the owner of the lands hereinbefore described and that the plaintiff has no further right, title or interest therein; that the indebtedness secured by the last above described mortgage on said lands is long past due, that said mortgage is a subsisting lien upon said premises and no part thereof has been paid, except that the proceeds of said bill of exchange has been applied thereto as above stated; that this defendant will be compelled to pay the said indebtedness so secured by said last above described mortgage and that by reason of the premises the

defendant was entitled to have applied and to apply the proceeds of said bill of exchange upon said indebtedness."

Upon the trial the parties filed the following stipulation:

"It is hereby stipulated by and between the above named parties by their respective attorneys of record herein that the following statement of facts in said action be submitted to the court as the facts agreed to by and between the parties herein and the same are hereby submitted in lieu of any testimony or evidence introduced in court, to-wit:

"It is agreed that the facts as set out in defendant's amended answer are the facts in said case, and that relative to said facts it is stipulated and agreed that the cashier of defendant bank, O. Woolfrey will testify; that about the time the bill of exchange involved in this action was received by defendant bank that said O. Woolfrey informed the plaintiff L. O. Wall that the bank had received a check or draft for the insurance upon the policy (mentioned in the complaint) and requested him to come in and endorse the same; that at said time the plaintiff was in a garage in the city of Crosby repairing his car and excused himself at the time as not having time and being so smeared with grease that he could not comply; that sometime later, on a later day, and after banking hours the plaintiff met the said O. Woolfrey on the street and said he could then come in and sign that draft; that at said time Woolfrey informed plaintiff that the draft was under time lock in the bank and he could not get at it; that thereupon the plaintiff said to Woolfrey: "Well, it don't make any difference, go ahead and sign it and send it in. Apply it on my loan, it will stop that much interest." That thereupon said Woolfrey endorsed said draft and sent the draft in for collection. That at said time the said plaintiff had no knowledge of the fact that the defendant had assigned its said mortgage for $3,000 to the State Bank of St. Ansgar. That the proceeds of said draft was the sum of $600 and that said amount was applied on the said mortgage for $3,000 to the State Bank of St. Ansgar as follows: $151.92 for interest previously remitted to State Bank of St. Ansgar upon said loan; $256.86 remitted in the month of April, 1922; $191.22 remitted in October, 1922.

"The foregoing facts are stipulated with the facts as set out in the amended answer of the defendant, subject to objection only as to materiality."

The case was thereupon submitted to the court for determination upon such stipulation of facts. The trial court thereafter made its findings of fact and drew its conclusions of law in favor of the plaintiff and ordered judgment in favor of the plaintiff for the amount demanded in the complaint. Judgment was entered accordingly and the defendant has appealed from the judgment. ·

In our opinion the judgment appealed from must be reversed. It is doubtless true, as plaintiff contends, that the mortgagee is presumed to have purchased the land at the foreclosure sale at its full value, less the amount of the existing prior mortgage lien thereon; and that, as between the mortgagor and the mortgagee, the debt secured by the mortgage became fully paid and discharged when the mortgagee purchased the premises at the foreclosure sale for the full amount of the indebtedness secured by the mortgage, and the costs and disbursements of the sale. Harvison v. Griffin, 32 N. D. 188, 155 N. W. 655; Krieger v. Schultz, 48 N. D. 274, 183 N. W. 1021. But it is equally true that such purchase and the sheriff's certificate of sale issued in evidence thereof did not vest the purchaser with title to the lands; on the contrary both the legal title and the equity of redemption remained in the mortgagor and he had an estate in the land which he might sell or mortgage. North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 484–491, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 453; see also Geo. B. Clifford & Co. v. Henry, 40 N. D. 604, 169 N. W. 508; Van Camp v. Weber, 27 S. D. 276, 130 N. W. 591; Farr v. Semmler, 24 S. D. 290, 123 N. W. 835. While the debt secured by the mortgage became paid and discharged so far as the same constituted an obligation for which the mortgagor was personally liable, the amount of the purchase price stated in the certificate of sale, while not a personal obligation on the part of the mortgagor, was nevertheless a charge upon the land. The mortgagor might discharge the same by making payment of the amount due on the certificate of sale in the manner and within the time prescribed by law, and if he failed to do so his interest in the land would cease and be transferred to the purchaser at the sale or its successors in interest. While the mortgagee in purchasing the premises is presumed to have taken into consideration the then existing prior mortgage lien, it seems evident that in determining the value of the premises it took into consideration the

buildings and other improvements on the land. When the mortgagee purchased the premises at the foreclosure sale it knew that such premises were subject to a prior mortgage in the sum of $3,000, and interest. But it also knew that such prior mortgage contained a provision to the effect that the mortgagor would keep the buildings on the premises (including the barn in controversy here) insured "in such amount as the mortgagee or its assigns would approve." It also knew that a policy of insurance had actually been issued pursuant to this stipulation in the mortgage and that such policy contained a provision that the loss, if any, should be paid to the mortgagee or its assigns. Under the undisputed facts here, there can, we think, be no room for doubt that the assignee of the prior mortgage was, as between it and the mortgagor, entitled to receive the monies paid by the insurance company for the fire loss. And the undisputed evidence, as stipulated, is to the effect that the plaintiff gave to the cashier of the defendant bank the following directions as to the disposition to be made of the draft sent by the insurance company in payment of the loss: "Go ahead and sign it and send it in. Apply it on my loan, it will stop that much interest." It must, of course, be presumed that the plaintiff knew that the policy of insurance was issued in accordance with the agreement contained in the $3,000, mortgage, and that such policy contained a loss payable clause to make the policy conform to the provisions of the mortgage. In other words, it must be presumed that the plaintiff knew that a policy of insurance had been issued in accordance with the stipulations of the mortgage, and that under the provisions of such policy the monies coming from the insurance company in payment of the fire loss were, as between him and the mortgagee or its assigns, payable to the latter and not to him. Hence, it seems clear that it was the intention of the plaintiff to direct that the monies be applied in payment of whatever he then owed on the three thousand dollar mortgage and we are unable to see where the plaintiff has any cause of action against the defendant for such monies. Suppose that the plaintiff, on the day he gave the directions to the cashier of the. defendant bank, had brought into the bank an amount of currency equal to the amount of the draft and said: "I want to pay this on what I owe on the three thousand dollar mortgage. Apply it on that loan." Would it be contended that he could afterwards successfully maintain an action to re-

cover back the amount so paid? In what essential does the case supposed differ from the one presented under the facts here? Originally plaintiff owed, and the defendant held against him, as plaintiff's personal obligations, the indebtedness secured by both mortgages. The personal obligation on the part of the plaintiff upon the debt secured by the $6,000 mortgage became discharged when the defendant purchased the premises at the foreclosure sale for the full amount due on the mortgage and costs and disbursements of the sale; but the personal obligation on the part of the plaintiff, as regards the indebtedness secured by the prior $3,000 mortgage, was in no manner discharged by the foreclosure of the second mortgage. Not only did such personal obligation remain in full force and effect, but the mortgage itself was a first lien upon a tract of land to which plaintiff held the legal title and the equity of redemption.

The judgment appealed from is reversed, and the cause is remanded with directions to enter judgment in favor of the defendant for a dismissal of the action.

BRONSON, Ch. J., and JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.