# JOHN R. KUIPER, Respondent, v. J. C. MILLER, Appellant.

### (207 N. W. 489.)

**Execution — "rent" not synonymous with value of "use and occupation," to which holder of sheriff's certificate of sale is entitled.**

1. Rent is compensation for the use of land; it is yearly profit issuing out of land, and may consist of money, provisions, chattels or labor. In § 7762, Comp. Laws 1913, it is not synonymous with, or the equivalent of, the value of the use and occupation.

**Mortgages — holder of sheriff's certificate of sale may sue for conversion of portion of crop raised during year of redemption which mortgagor and renter agreed should be delivered to mortgagor as rent.**

2. The holder of a sheriff's certificate of sale is, under § 7762, Comp. Laws 1913, entitled to receive from the tenant in possession, the rents of the property sold, or the value of the use and occupation thereof during the period of redemption, and may maintain an action in conversion against the purchaser of that portion of the crop raised during the year of redemption which the mortgagor and the renter agreed should be delivered to the mortgagor as rent.

**Mortgages — holder of certificate of sale must show that crop was rent of premises during year of redemption.**

3. The certificate holder, as such, has no right to, or interest in, the crop grown and harvested on the mortgaged premises during the period of redemption, except as given him by § 7762; and if he seeks to recover a portion of the crop raised on the premises during the year of redemption, or its value in a conversion action, he must bring himself within § 7762, and show that the crop was "rent" of the premises within the meaning of the statute.

**Mortgages — holder of sheriff's certificate of sale may, after demand, replevin mortgagor's share of crop raised during the year of redemption or may maintain action in conversion to, recover its value.**

4. Where the lessee of the mortgagor agrees to deliver to the latter one third of the crop raised on the premises during the year of redemption as rent, and the lessee delivers a portion of the mortgagor's share to a third party who withholds the same from the certificate holder, after demand, the latter may maintain an action in replevin to recover the possession of the mortgagor's share of the crop, or he may maintain an action in conversion to recover the value of the portion received by the third party.

Note.— (1) Definition of rent, see 16 R. C. L. 908 ět seq.; 3 R. C. L. Supp. 609; 6 R. C. L. Supp. 983.

**Mortgages — recording of sheriff's certificate of sale is notice to parties dealing with lessee of mortgagor, of foreclosure proceedings and rights of certificate holder as to crop.**

5. When the sheriff's certificate has been recorded, a third party, dealing with the lessee of the mortgagor of premises which have been sold under foreclosure, is charged with notice of the foreclosure proceedings, and the rights of the holder of the certificate under § 7762; he knows, in law, that the mortgagor may have an interest in the crop; and that if the crop or any part of it be rent, by agreement between the mortgagor and his lessee, the holder of the sheriff's certificate is entitled to such portion of the crop, and that the lessee cannot transfer title.

Opinion filed December 30, 1925.   Rehearing denied February 26, 1926.

Landlord and Tenant, 36 C. J. § 1037 p. 285 n. 92, 93; § 1039 p. 286 n. 3, 4, 6; § 1042 p. 287 n. 24; § 1050 p. 290 n. 65 New.   Mortgages, 27 Cyc. p. 1730 n. 98 New; p. 1731 n. 13; p. 1743 n. 6.

Appeal from the District Court of Cass County, *Cooley, J.*
Affirmed.
*W. J. Courtney,* for appellant.
*Wood & Breaw,* for respondent.

JOHNSON, J.   Plaintiff brought an action in conversion against the defendant, a sole trader doing business as the J. C. Miller Elevator. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

The complaint alleges that on or about March 1, 1919, one Sandum was the owner of certain real estate, situated in Cass county, and then executed a mortgage thereon securing an indebtedness due the plaintiff; that this mortgage was subsequently foreclosed, owing to defaults thereunder, and that, in due course, a sheriff's certificate of sale was executed to him on January 23, 1924; that such certificate was, on the 28th of January, 1924, recorded in the office of the register of deeds. It is alleged that thereafter the mortgagor rented the land to one Grieger, for the season of 1924, and that the mortgagor "was to receive one third of all grain sown, grown and raised upon said land during said season;" that "pursuant to such rental agreement, said R. R. Grieger farmed the said premises" during the season of 1924, and de-

livered a part of said one third of the crop to the defendant, to wit: 199 bushels, 20 pounds of wheat; that on January 28, 1925, the sheriff executed to plaintiff a sheriff's deed of the premises.

It is then alleged that under § 7762, Comp. Laws 1913, the plaintiff is entitled to the possession and is the owner of "that portion of the grain so grown upon said premises under and by virtue of said foreclosure proceedings which would otherwise inure to the said K. O. Sandum, and a portion of which as hereinbefore described was delivered to the defendant." It is alleged that a demand was made for the delivery of the grain, or the value thereof, and that such demand was refused; that the action for the recovery of the grain, or its value, has been prosecuted with diligence and that, therefore, under § 7168, Comp. Laws 1913, the plaintiff is entitled to the highest market price, at Mortimer, Cass county, intervening the date of the conversion in October, 1924, and the date of the verdict herein. It is alleged, further, that the plaintiff is the owner and holder of the sheriff's certificate of sale and the sheriff's deed "and by reason thereof is entitled to the said grain as hereinbefore alleged." The plaintiff prays for judgment against the defendant for the highest market value of the grain between the date of the conversion and the date of the judgment, and for his costs.

The trial court overruled defendant's demurrer, whereupon a stay was procured and the defendant appealed from the order. It appears to be the position of the defendant on this appeal that the plaintiff, who is the holder of a sheriff's certificate of sale, has no right, as such holder, to sue the defendant in conversion on the theory that the latter received from one in possession of the land under a lease from the mortgagor, the grain raised upon the premises during the period of redemption, and who had received no actual notice of the claims of the certificate holder to any part of the crop.

We think the complaint is drawn on the theory that the defendant converted a part of that portion of the crop which, under the contract between the mortgagor and the tenant Grieger, constituted the agreed rental for the use of the land during the farming season of 1924, that is, during the period of redemption. On the face of the complaint the sole question seems to be whether, in such circumstances, the holder of the sheriff's certificate, who, under § 7762, was entitled to receive from

the tenant in possession "the rents of the property sold, or the value of the use and occupation thereof," may maintain an action in conversion against the purchaser of that portion of the grain which the mortgagor and the renter have agreed shall be delivered to the mortgagor as the stipulated rental for the period of redemption.

Section 7762, Comp. Laws 1913, so far as material, reads:

"The purchaser from the time of the sale until a redemption and a redemptioner from the time of his redemption until another redemption is entitled to receive from the tenant in possession the rents of the property sold, or the value of the use and occupation thereof."

The purchaser at the foreclosure sale—the holder of the sheriff's certificate—is entitled to one of two things, the "rents," *or* the "value of the use and occupation," of the property sold. "Rent is compensation for the use of land. It is immaterial whether it is paid in money or services." Martin v. Royer, 19 N. D. 504, 125 N. W. 1027; Whithed v. St. Anthony & D. Elevator Co. 9 N. D. 224, 50 L.R.A. 254, 81 Am. St. Rep. 562, 83 N. W. 238. In § 5289, Comp. Laws 1913, limiting the term of leases of urban and agricultural property, the word "rent" is used. In Wegner v. Lubenow, 12 N. D. 95, 95 N. W. 442, this court discussed at some length the legal meaning of this term. It was there held, in substance, that "rent," as used in the statute limiting the term of leases, is a periodical or "a *certain* yearly profit, or labor, issuing out of land and tenements, in retribution for its use." (Emphasis is ours.) This is the primary meaning of the term as it has come to us from the common law. It is not, except perhaps, in special circumstances, synonymous with "value of the use and occupation." See Spraker v. Cook, 16 N. Y. 567. Section 7762, supra, itself furnishes the evidence, if any were needed, that the legislature used the term "rent" in the sense defined in Wegner v. Lubenow, Whithed v. St. Anthony & D. Elevator Co. and Martin v. Royer, — supra. The purchaser is entitled not only to the "rents," but to the "value of the use and occupation" of the property—a distinct legislative recognition of an essential difference between the two. While it is true that "rent," in its broadest or secondary meaning, may include all the profit issuing annually out of the lands in return for their use, it is not used in this enlarged sense in § 7762. "Rent," it has been held, suggests a fixed amount, or one that can be made certain and

fixed. Raynolds v. Hanna (C. C.) 55 Fed. 783. The inference strongly arises, from the holding in Wegner v. Lubenow, supra, that in order to constitute "rent," within the statute, there must be a reservation of periodical or annual payments in the lease, whether the lease be oral or in writing, and that if there be no such reservation of payment, the consideration paid for the use of the land cannot be denominated "rent" in the primary or statutory sense. We are of the opinion that "rent," within the contemplation of § 7762, can come into being only by agreement; and that the second clause of the statute is intended to meet a situation where no agreement as to rental has been made, and when, therefore, only the value of the use and occupation may be recovered. A situation clearly coming within the second clause is one where the mortgagor himself farms the land. In such case there is no "rent," within the statute, but the certificate holder is entitled to the value of the use and occupation. Geo. B. Clifford & Co. v. Henry, 40 N. D. 604, 169 N. W. 508. From what we have said it follows that the holder of the Sheriff's Certificate is, under § 7762, entitled to the rent which the lessee of the property agreed to pay for the use of the land; if there be no agreement as to rent, or if the premises have been farmed by the mortgagor, the holder of the sheriff's certificate may recover the value of the use and occupation during the period of redemption.

There seems to be some confusion as to the legal effect of prior decisions of this court involving the construction and application of § 7762. The decisions are entirely harmonious on this subject. The first case is Second Nat. Bank v. Swan, 2 N. D. 225, 50 N. W. 357. While the decision in that case hinged "entirely upon the construction of the written contract" between the mortgagor and the certificate holder, the court, in the first paragraph of the syllabus, says: "The holder of a certificate of sale of land upon foreclosure has no interest by virtue of such certificate in the crop raised and harvested on the land during the year of redemption." The question does not appear to have been directly discussed in the opinion; it was necessarily involved and was settled in the syllabus in the manner here indicated. It was, therefore, the settled law of this state after the decision in that case, in November, 1891, that the holder of the sheriff's certificates,

· as·such, has no right to the crops raised and harvested on the land · during the period of redemption.

·· . The next decision under the statute is Clement v. Shipley, 2 N. D. :430, 51 N. W. 414. It was there held that the purchaser at a foreclosure sale, held pursuant to advertisement, could recover stipulated rent from a lessee of the owner as it fell due, and that payment of such rent to the lessor, after notice of the purchaser's rights, is no defense.

· In the case of Whithed v. St. Anthony & D. Elevator Co. supra, it was held that the plaintiff, as the certificate holder, stood in the shoes of the owner of the land as to all rights which the latter had pursuant to the contract between the owner (lessor) and his lessee, under which the land was farmed during the period of redemption; and having the same rights as the owner, the certificate holder was entitled to the same remedies to protect and enforce in his own behalf the rights and interests which the owner (lessor) had under the agreement of lease. It was held further that the "rent" contemplated by § 7762 embraced "money, provisions, chattels or labor;" and that the plaintiff could maintain a claim and delivery action to recover possession of that portion of· the crop raised on the land which the owner and his lessee agreed should be delivered to the former as compensation for the use of the premises. In other words, the effect of that case is that the certificate holder may claim rent when it has been agreed between the owner and his lessee that it be paid in the form of a part of the crop, as well as when it is stipulated that it be paid in cash. The holder is entitled to the *thing* which the owner and the lessee agreed should be delivered and received as the compensation for the use of the property during the redemption period.

In no one of these cases was the land farmed by the mortgagor himself. It was not until Geo. B. Clifford & Co. v. Henry, supra, that the rights of the certificate holder, as against the mortgagor, were considered, when the latter occupied and used the land during the period of redemption. That was an action "to recover the value of the use and occupation of certain lands;" and not to recover the crop, or to enforce any claim of interest in the crop raised and harvested on the premises during the year of redemption. This court again decided, construing § 7762, that the purchaser at a sheriff's ●sale, held in pur-

suance of a foreclosure by advertisement, was entitled to the value of the use and occupation of the property sold notwithstanding it was in the possession of and farmed by the mortgagor himself during the period of redemption. The court also expressly overruled the contention, made in view of § 6740, Comp. Laws 1913, which provides that the mortgagee is not entitled to possession of the mortgaged premises unless it be so agreed, that the mortgagor could not be considered as a "tenant in possession," within § 7762. The court refused to draw a distinction based upon the fact that the premises were farmed by the mortgagor himself rather than by some one under a lease from him, and held that the mortgagor, when he farms the land himself, is a "tenant" within the statute, as this court had ruled in Whithed v. St. Anthony & D. Elevator Co. 9 N. D. 224, 50 L.R.A. 254, 81 Am. St. Rep. 562, 83 N. W. 238, and that the certificate holder is entitled to recover from him the value of the use and occupation during the year of redemption.

The certificate holder as such, has no right to or interest in the crop except as given him by § 7762. See also Farm Mortg. Loan Co. v. Pettet, 51 N. D. 491, 36 A.L.R. 598, 200 N. W. 497. Such is the uniform holding of this court. If, therefore, the holder of the sheriff's certificate seeks to recover a portion of the crop, or its value in a conversion action, he must bring himself within the statute and show that the crop he claims was "rent" of the premises during the year of redemption.

In the case at bar, the lessee of the mortgagor agreed to deliver one-third of the crop to the lessor, the mortgagor, as compensation for the use and occupation of the land during the year of redemption. One third of the crop was "rent," within § 7762, to which the mortgagor was entitled, and for the recovery of which replevin might have been maintained by him. If this one third had been taken by a third person, before division, and held in defiance of the right of the mortgagor under the lease, a conversion action could have been maintained by him. As to these rights and remedies the certificate holder is in the same position as the mortgagor. Such are the rules laid down by this court in the cases to which we have referred. It follows that the plaintiff, as certificate holder, has the right, under the facts alleged, to maintain an action in conversion, unless he has lost it because of failure to give

actual notice to the defendant of his claim as a holder of the sheriff's certificate.

The defendant was charged with notice that the owner of the land had, or might have an interest in the crop. Merchants' State Bank v. Sawyer Farmers' Co-op. Asso. 47 N. D. 375, 14 A.L.R. 1353, 182 N. W. 263; he was, in fact, entitled to one third under the contract of lease. The sheriff's certificate was of record and of it and the foreclosure proceedings leading up to it, the defendant had constructive notice. He knew, in law that the holder of the certificate was entitled to the *rent* of the land, if it had been leased, or to the value of the use and occupation, if the premises were farmed by the mortgagor. The rent might be a share of the crop, or it might be cash. He bought the crop at his peril; the law charged him with knowledge of the fact that the plaintiff succeeded to all the contractual rights of the mortgagor, respecting compensation for the use of the land, under his lease with the person who farmed the premises and raised and harvested the crop during the year of redemption.

The order overruling the demurrer must be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur.